UNITED STATES of America, Plaintiff–Appellee,

v.

Roberto SALAS, Defendant–Appellant.

No. 03–20525
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 3, 2005.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Roberto Salas. *United States v. Salas,* 86 Fed.Appx. 788 (5th Cir.2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* ——— U.S. ———, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Salas v. United States,* ——— U.S. ———, 125 S.Ct. 1111, 160 L.Ed.2d 991 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Salas argues that he is entitled to resentencing because the district court erred under *Booker* in imposing his sentence under the then mandatory United States Sentencing Guidelines held unconstitutional in *Booker.* This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor,* 409 F.3d 675, 676 (5th Cir.2005).

Salas concedes that he cannot make the necessary showing of plain error that is required by our precedent in *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005), *cert. denied,* ——— U.S. ———, ——— S.Ct. ———, ——— L.Ed.2d ———, 2005 WL 816208 (Mar. 31, 2005) (No. 04–9517). Moreover, this court has rejected his argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *cert. denied,* ——— U.S. ———, ——— S.Ct. ———, ——— L.Ed.2d ———, 2005 WL 816208 (July 11, 2005) (No. 05–5297). Because he has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances warrant-

ing review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." *Taylor,* 409 F.3d at 677.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Salas's conviction and sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.